Argued and submitted June 19, affirmed July 24, 1991

Peter M. SMITH,
*Petitioner,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(LUBA 90-160; CA A69636)

814 P2d 179

David R. Barrow, Portland, argued the cause for petitioner. With him on the brief was Byrne & Barrow, Portland.

Peter A. Kasting, Chief Deputy City Attorney, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's decision affirming the City of Portland's conditional use permit for a homeless shelter. The shelter was allowed as an "institutional care facility" (ICF), rather than a "residential care facility" (RCF). The former is defined in Portland City Code 33.12.427:

" 'Institutional care facility' means an establishment which provides housing, training or care to more than 15 people who require such services by reason of their circumstances or condition.

"A facility or institution that is operated for the purpose of providing both care and planned treatment or planned training as defined in [PCC] 33.12.615 is not an 'institutional care facility.' "

PCC 33.12.615 defines an RCF and the term "care":

" 'Residential care facility' means an establishment operated with 24-hour supervision for the purpose of and responsibility for providing care and planned treatment or planned training to persons who by reason of their circumstances or condition require such care and planned treatment or planned training as a single housekeeping unit in a dwelling unit.

"(a) 'Care' means services such as supervision, protection, assistance while bathing, dressing, grooming or eating, management of money, transportation, recreation and simple training of self-help skills or assistance with major life activities and the provision of room and board."[1]

The first of petitioner's two arguments to LUBA and to us is that the facility will provide care, as well as planned training, and that it cannot qualify as an ICF if it provides both. LUBA concluded that the facility would not offer "care" as that term is used in the ordinance. It explained:

"According to petitioner, the proposed facility will provide residents with services such as supervision, protection, management of money, transportation, recreation and training in simple self-help skills, as well as the provision of room and board. According to petitioner, because these are services

---

[1] We are advised that the ordinance provisions have since been amended. We quote them as they read at the relevant time and as they apply here.

listed in the PCC 33.12.615(a) definition of 'care,' the evidence in the record establishes the proposed facility will provide 'care.'

"The city argues the term 'care' as defined in PCC 33.12.615(a) in the context of an RCF, relates to the kind of care required by individuals with significant physical or mental limitations, necessary to ensure their health and safety. Similarly, the city contends the phrase in PCC 33.12.427 'care * * * as defined in [PCC] 33.12.615' used in the context of an ICF, does not apply to the *incidental* services the proposed facility will provide to the otherwise healthy and competent homeless people who will reside there.

"In *Tournier v. City of Portland,* 16 Or LUBA 546, 558 (1988), we interpreted the term 'care' as used in the RCF and ICF provisions of the PCC. In the context of a challenge to a decision approving a homeless shelter substantially similar to the one at issue in this appeal, we stated:

" 'The city interprets the distinction between "care" as defined in the code RCF definition and as used in the ICF definition as being one of degree, with RCF-type "care" being the type of care required by individuals with significant physical or mental limitations, necessary to ensure their health and safety. We believe the city's interpretation of the distinction between RCF and ICF "care" is consistent with the code's language and intent and is a correct interpretation of the code.' (Citations omitted.)

"This reasoning is equally applicable to this case. The PCC uses the term 'care' differently in describing the distinct functions of an RCF and an ICF. An RCF is an establishment which provides 'care' to persons who *require* kinds of services listed in PCC 33.12.615(a), *as well as* the provision of room and board. On the other hand, an ICF exists for the purpose of providing 'housing, training *or* care.' The definition of ICF states that a facility operated for the *'purpose* of providing' planned training and 'care,' as defined in PCC 33.12.615, is not an ICF. Services which rise to the level of 'care' as defined in PCC 33.12.615(a) are ones which are necessary to ensure the health and safety of the population to be served because of some physical or mental 'circumstance or condition.' Consequently, the city's interpretation of the phrase 'care * * * as defined in [PCC] 33.12.615,' used in the PCC 33.12.427 definition of an ICF, as meaning services *necessary* to ensure health and safety because of a physical or mental

impairment, is a correct interpretation of the letter and intent of PCC 33.12.427." (Emphasis in original.)

We agree with and adopt that part of LUBA's opinion. The facility will not provide "care," and it qualifies as an ICF.

Before LUBA, petitioner also contended that the city's findings did not adequately explain the basis for its decision, as required by ORS 227.173(2). LUBA agreed but held that the "evidence 'clearly supports' a determination that the proposed shelter will not provide 'care * * * as defined in [PCC] 33.12.615.' " Therefore, LUBA affirmed the decision pursuant to ORS 197.835(9)(b). Petitioner argues in his second assignment to us that LUBA erred by so concluding. He states that this assignment "is simply a derivative version of his first assignment," and we reject it for the same reasons.[2]

Affirmed.

---

[2] Because LUBA decided the issue on the basis of ORS 197.835(9)(b), which is an independent basis for its affirmance of the city's decision, we do not comment *per se* on petitioner's or LUBA's understanding of the ORS 227.173(2) issue. *See Oswego Properties, Inc. v. City of Lake Oswego,* 108 Or App 113, 814 P2d 539 (1991).